```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
LAURA ANDERSON BARBATA,                 :
                    Plaintiff,          :
                                        :     11 Civ. 7381 (DLC)
          -v-                           :
                                        :     MEMORANDUM OPINION
MARC LATAMIE,                           :          & ORDER
                    Defendant.          :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiff:

Gale P. Elston
Gale P. Elston P.C.
111 Broadway, 11th Floor
New York, NY 10006

For Defendant:

Paul Franklin Hultin
Wheeler Trigg O'Donnell LLP
1801 California Street
Suite 3600
Denver, CO 80202

Joseph Benedict Valentine
Wheeler Trigg O'Donnell
351 Abbey Road
Manhasset, NY 11030


DENISE COTE, District Judge:

    This action arises out of an alleged agreement to purchase a portfolio of authentic Andy Warhol prints (the "Portfolio"). The plaintiff, Laura Anderson Barbata ("Barbata"), brings claims for conversion, breach of contract, and negligent

1

misrepresentations based on the alleged failure of the defendant, Marc Latamie ("Latamie"), to deliver an undamaged and properly authenticated portfolio to the plaintiff in exchange for $270,000.  On May 22, 2012, the defendant filed a motion to dismiss and alternatively for leave to file defendant's fourth amended answer and counterclaims based on recently discovered facts (the "May 22 Motion").  The defendant contends that the action must be dismissed for failure to join two parties, La Compagnie Des Sucres, Inc. ("LCDS") and DM Fountain, Inc. ("Fountain").  In the alternative, the defendant requests that he be granted leave to file an amended pleading.  For the following reasons, the May 22 Motion is denied.

BACKGROUND

    The following facts are based upon documents submitted by both parties and are not in dispute for purposes of this motion. The plaintiff claims that she paid the defendant $270,000 to buy the Portfolio from the defendant in March 2008.  She claims that the defendant failed to deliver an undamaged and properly authenticated Portfolio as the defendant promised and warranted. The defendant claims that the Portfolio was damaged when it was first delivered to the plaintiff, but that he took it to a restorer in order to have it repaired at his own expense.  The

Portfolio was delivered to the restorer in April 2008, and the plaintiff has not seen or had possession of it since that date.

LCDS was a New York corporation formed on June 6, 2002. At the time of the events relevant to this lawsuit, the defendant was acting as its President. In March 2008, the plaintiff made her $270,000 payment by wire transfer to a bank account bearing the name of LCDS. LCDS was dissolved by proclamation on October 27, 2010. Fountain is a New York corporation that was formed on January 4, 2011.

1. Procedural History

The plaintiff brought this action on October 19, 2011. An Amended Complaint was filed on November 23. On February 17, 2012, defendant filed an answer to the Amended Complaint and counterclaims. Barbata moved to dismiss the defendant's counterclaims on March 1. On March 19, the Court issued a Scheduling Order directing the parties to complete discovery by June 8, 2012, and giving Latamie until March 30 to file an amended pleading. Latamie filed an amended pleading on March 30, and a second amended pleading on April 11. On May 1, Latamie filed a motion for leave to file a third amended pleading. The motion for leave to amend was granted on May 15, with the proviso that the defendant would be granted no further opportunities to amend. On May 22, the defendant filed the

instant motion to dismiss and alternatively for leave to file a fourth amended answer and counterclaims.  The May 22 Motion was fully submitted on June 1.  Also on June 1, the plaintiff filed a motion for leave to file a supplemental memorandum of law in opposition to the May 22 Motion.

DISCUSSION

1.   Motion to Dismiss

Rule 12(b)(7) provides that an action may be dismissed for failure to join a party under Rule 19 of the Federal Rules of Civil Procedure.  In ruling on a motion brought pursuant to Rule 12(b)(7), the court must first determine whether an absent party is a "necessary" party under Rule 19(a).  Id.  Rule 19(a) provides that the absent party should be joined, if feasible, where:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a).  See MasterCard Int'l Inc. v. Visa Int'l Svc. Ass'n, Inc., 471 F.3d 377, 385 (2d Cir. 2006) (citing Fed. R. Civ. P. 19(a)).  With respect to the second prong of Rule

19(a), "there must be more than an unsupported assertion that [the non-joined party] has a claim to that interest." <u>Jonesfilm v. Lion Gate Int'l</u>, 299 F.3d 134, 140 (2d Cir. 2002).

Where a court makes a threshold determination that a party is necessary under Rule 19(a) and joinder of the absent party is not "feasible" for jurisdictional or other reasons, the court must then determine whether the party is "indispensable" under Rule 19(b).  It is not necessary to reach the Rule 19(b) analysis unless a party is found to be "necessary" under Rule 19(a).  <u>Mastercard Int'l</u>, 471 F.3d at 289.

Dismissal is not appropriate in this case because neither LCDS nor Fountain is a necessary party.  LCDS has been dissolved.  Its absence therefore has no bearing on whether complete relief can be granted among the parties and it can claim no interest relating to the subject of the action.

Fountain is not a necessary party because it is not alleged to have been involved in any of the events at issue in this litigation.  Fountain was created on January 4, 2011.  The allegations in the complaint primarily involve events from March 2008 to April 9, 2010.  Accordingly, complete relief can be accorded without joining Fountain, and Fountain cannot claim an interest relating to the subject of this action.  The defendant claims that Fountain purchased a "replacement portfolio" of Andy

Warhol prints and is therefore a necessary party.  This alleged purchase, however, occurred after the filing of this lawsuit.

2.   Motion for Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and instructs that "[t]he court should freely give leave when justice so requires."  "[I]t is within the sound discretion of the district court to grant or deny leave to amend."  Green v. Mattingly, 585 F.3d 97, 104 (2d Cir. 2009) (citation omitted).  A motion for leave to amend may be denied for "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009) (citation omitted).

The defendant has amended his pleadings on three occasions.  On May 15, 2012, the Court granted the defendant leave to file a final amended pleading and ordered that he would have no further opportunity to amend.  Discovery is scheduled to close this week.  The defendant has not shown that justice requires this untimely amendment.  Accordingly, the defendant's request for leave to amend is denied.

CONCLUSION

The defendant's May 22, 2012 motion to dismiss and alternatively for leave to file defendant's fourth amended answer and counterclaims based on recently discovered facts is denied. The plaintiff's June 1 motion for leave to file a supplemental memorandum of law in opposition to the May 22 motion to dismiss is denied as moot.

SO ORDERED:

Dated:   New York, New York
         June 4, 2012

_____
DENISE COTE
United States District Judge