```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
LAURA ANDERSON BARBATA,                  :
                         Plaintiff,      :
                                         :   11 Civ. 7381 (DLC)
                -v-                      :
                                         :   MEMORANDUM OPINION
MARC LATAMIE,                            :        & ORDER
                         Defendant.      :
                                         :
----------------------------------------X
```

Appearances:

For Plaintiff:

Gale P. Elston
Gale P. Elston P.C.
111 Broadway, 11th Floor
New York, NY 10006

For Defendant:

Paul Franklin Hultin
Wheeler Trigg O'Donnell LLP
1801 California Street
Suite 3600
Denver, CO 80202

Joseph Benedict Valentine
Wheeler Trigg O'Donnell
351 Abbey Road
Manhasset, NY 11030


DENISE COTE, District Judge:

    Defendant Marc Latamie ("Latamie") moves for dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). For the following reasons, the defendant's motion to dismiss is denied.

BACKGROUND

The following facts are undisputed or are taken from the plaintiff's amended complaint. This action arises out of an alleged agreement to purchase a portfolio of authentic Andy Warhol prints. The plaintiff has asserted claims against the defendant for damages totaling not less than $400,000 plus interest and costs. The plaintiff Laura Anderson Barbata ("Barbata") is a citizen of New York. The defendant is a citizen of France. The defendant has been admitted to travel in the United States pursuant to an A-2 diplomatic visa.

The defendant filed a motion to dismiss for lack of subject matter jurisdiction on June 6, 2012. The motion became fully submitted on June 15, when the Court granted plaintiff's motion to file a sur-reply.

DISCUSSION

"Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted). On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule

2

12(b)(1), "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Aurecchione v. Schoolman Transp. System, Inc., 426 F.3d 635, 638 (2d Cir. 2005).

Pursuant to 28 U.S.C. § 1332(a)(2) district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" that are between

> citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State.

28 U.S.C. § 1332(a)(2).  A "lawful permanent resident" is someone who has been granted the privilege of remaining permanently in the United States under the immigration laws. See 26 C.F.R. § 301.7701(b)-1(b)(1).  Holders of A-2 visas are considered to be "nonimmigrant" individuals under U.S. immigration law, and do not come within this definition.  See 26 C.F.R. § 301.7701(b)-3(b)(2)(i)(C).

There is no question that jurisdiction based on diversity of citizenship exists in this case.  The plaintiff is a U.S. citizen.  The defendant has admitted that the plaintiff is a "citizen" of the State of New York and that the defendant is a citizen of France.  The defendant is present in the United

3

States pursuant to an A-2 diplomatic visa, not a green card, and therefore has not been lawfully admitted for permanent residence in the United States.

The defendant argues that he is domiciled in the State of New York and he has been lawfully admitted for permanent residence in the United States because, pursuant to his A-2 diplomatic visa, he has been allowed to stay in the United States without any required exit date for the past twenty years. The defendant is wrong. The exception for lawful permanent residents in § 1332 applies to aliens who have formally been granted permanent residence in the United States, not holders of nonimmigrant A-2 visas. See, e.g., Mejia v. Barile, 485 F. Supp. 2d 364, 367 (S.D.N.Y. 2007) (collecting cases).

The defendant further argues that he is entitled to diplomatic immunity under the Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, T.I.A.S. No. 7502 (entered into force in U.S. Dec. 13, 1972) (the "Vienna Convention"). Article 31(1) of the Vienna Convention grants diplomatic agents immunity from a state's civil jurisdiction except in cases relating to, inter alia, commercial activity outside the agent's official functions. Id., art. 31(1).

The defendant is not entitled to diplomatic immunity under the Vienna Convention. The defendant raises his immunity argument for the first time in his reply brief, and does not

4

establish a legal basis for how or why he should be considered a diplomatic agent.  Regardless, this action arises out of an alleged agreement to purchase a portfolio of art prints.  This is commercial activity, and Latamie has made no claims regarding any "official functions" within which such commercial activity might fall.

## CONCLUSION

The defendant's June 6, 2012 motion to dismiss for lack of subject matter jurisdiction is denied.  Furthermore, defense counsel is reminded that by presenting a motion or other paper the Court, she certifies that the claims, defenses, and other legal contentions therein "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11.  Violation of this rule may subject an attorney to sanctions.  See id.

SO ORDERED:

Dated:    New York, New York
          June 26, 2012

                                    _____
                                         DENISE COTE
                                    United States District Judge

5

establish a legal basis for how or why he should be considered a diplomatic agent. Regardless, this action arises out of an alleged agreement to purchase a portfolio of art prints. This is commercial activity, and Latamie has made no claims regarding any "official functions" within which such commercial activity might fall.

## CONCLUSION

The defendant's June 6, 2012 motion to dismiss for lack of subject matter jurisdiction is denied. Furthermore, defense counsel is reminded that by presenting a motion or other paper the Court, she certifies that the claims, defenses, and other legal contentions therein "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11. Violation of this rule may subject an attorney to sanctions. See id.

SO ORDERED:

Dated:   New York, New York
         June 26, 2012

                                    _____
                                         DENISE COTE
                                    United States District Judge

5